IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JOSE MIGUEL MARTE,             )
Institutional ID No. 36720-053,    )
                                 )
            Plaintiff,    )
                                 )
V.                           )      CIVIL ACTION NO.
                                 )      1:14-CV-203-C
THE GEO GROUP INC., *et al.*,    )
                                 )
            Defendant(s).    )

## ORDER

The United States Magistrate Judge entered a Report and Recommendation on October 27, 2015, and as of this date, no objections have been filed of record.

The undersigned Senior United States District Judge has made an independent examination of the record in this case and has examined the findings, conclusions, and recommendations of the Magistrate Judge. The Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

It is, therefore, ORDERED

(1)    Plaintiff's challenge to the disciplinary hearing concerning unauthorized possession of eyeglasses and lenses resulting in the loss of good conduct time (described in the Report and Recommendation as Count One) should be construed as writ of habeas corpus pursuant to 28 U.S.C. § 2241.

(2)    Such writ of habeas corpus shall be severed and assigned a new case number. The severed case shall be hereafter styled as:

*Jose Miguel Marte v. Warden*, BSCC Cedar Hill Unit
Civil Action No.  1:16-cv-171-BL

(3)    The Clerk shall file a copy of the Motion to Proceed *in Forma Pauperis*, and Certificate of Inmate Trust Account in the civil action number assigned in Paragraph 2 above, and mail to Plaintiff a copy of the § 2241 form marked "Amended" and the Civil Action number assigned in item 2 above for use in filing his petition for writ of habeas corpus.

(4)    Plaintiff shall complete and file the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 within twenty (20) days of the date of this Order. Plaintiff shall answer each question on the form and set forth his entire petition on the form. Plaintiff shall not incorporate by reference, or otherwise, any portion of the civil rights complaint previously submitted and shall not attach it or any portion thereof as an exhibit. Plaintiff shall sign the petition.

**A FAILURE TO FILE THE AMENDED PETITION WILL BE VIEWED AS A FAILURE TO PROSECUTE AND SHALL RESULT IN THE DISMISSAL OF THE PETITION WITHOUT FURTHER NOTICE.**

(5)    The remainder of Plaintiff's complaint and all claims alleged therein under 42 U.S.C. § 1983 (described as Counts Two, Three, Four, and Five) are **DISMISSED WITH PREJUDICE** for failure to state a claim, and as frivolous.

Judgment shall be entered accordingly.

This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

A copy of this order shall be sent to all parties appearing *pro se* by first class mail and to any attorney of record by first class mail or electronic notification.

Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Any pending motions are **DENIED**.

Dated September 26, 2016.

SAM R. CUMMINGS
Senior United States District Judge

3